United States District Court
Southern District of Texas
**ENTERED**
March 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED DEAN JOHNSON, (TDCJ #1976527) Petitioner, v. LORIE DAVIS, Director, Texas Department of Criminal Justice – Correctional Institutions Division Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-cv-0057 |

## MEMORANDUM OPINION AND ORDER

Alfred Dean Johnson, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his 2015 state-court conviction for aggravated robbery.[1] Johnson has also filed a memorandum of law in support of his petition.[2] The respondent, Lorie Davis, has answered, arguing that Johnson is not entitled to the relief he seeks.[3] Johnson has responded.[4]

Based on careful consideration of the pleadings, the record, and the applicable law, this Court concludes that Johnson has not stated meritorious grounds for federal habeas relief, denies his § 2254 petition, and, by separate order, enters final judgment. The reasons are explained below.

---

[1] Docket Entry No. 1.
[2] Docket Entry No. 2.
[3] Docket Entry No. 17.
[4] Docket Entry No. 19.

I. **Procedural Background and Claims**

Johnson was indicted for the felony offense of aggravated robbery with a deadly weapon in the 182nd District Court of Harris County, Texas (Cause Number 1409436). Johnson entered an open plea of guilty to the offense and pled "true" to two enhancement paragraphs in exchange for the State agreeing to dismiss a separate felony charge of evading detention. Johnson further agreed that the trial court would assess punishment, without an agreed recommendation, following a pre-sentence investigation (PSI). In January 2015, following the PSI and punishment hearing, the trial court found Johnson guilty of aggravated robbery, found the two enhancement paragraphs true, and sentenced Johnson to a 30-year prison term.

The Fourteenth Court of Appeals of Texas affirmed Johnson's conviction and sentence on direct appeal. *Johnson v. State*, No. 14-15-00046-CR, 2016 WL 354438 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Johnson filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Johnson*, Application No. WR-85,890-01. In December 2016, the Texas Court of Criminal Appeals denied the application without a written order. *Id.*

In a federal habeas petition, executed on December 28, 2016, Johnson raises the following grounds for relief:

1. He received ineffective assistance of trial counsel because counsel:

    a. promised probation, but Johnson received a 30-year sentence;

    b. failed to challenge the affirmative deadly weapon finding and habitual offender paragraphs;

2

    c. failed to file any pretrial motions;

    d. denied Johnson the opportunity to testify on his own behalf; and

    e. failed to rebut any of the State's arguments at the presentence investigation hearing.

2. He received ineffective assistance of appellate counsel because counsel:

    a. only filed a two-paragraph brief; and

    b. failed to file a petition for discretionary review or a petition for a writ of certiorari.[5]

The respondent argues that the petition should be denied because Johnson's claims are without merit.

## II. The Applicable Legal Standards

Johnson's petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are

---

[5] Docket Entry No. 1, at 6–7; Docket Entry No. 2.

materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

4

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31. This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). "The presumption is especially strong when the state habeas court and the trial court are one in the same[,]" as they were in this case. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (collecting cases); *see also Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts.").

Finally, Johnson is a *pro se* petitioner. *Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Johnson's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. Discussion

In his petition, Johnson alleges that he received ineffective assistance of trial counsel because counsel: (1) promised probation, but Johnson received a 30-year sentence; (2) failed to challenge the affirmative deadly weapon finding and habitual offender paragraphs; (3) failed to file any pretrial motions; (4) denied Johnson the opportunity to testify on his own behalf; and (5) failed to rebut any of the State's arguments at the presentence

investigation hearing. Johnson further alleges that he received ineffective assistance of appellate counsel because counsel: (1) only filed a two-paragraph brief; and (2) failed to file a petition for discretionary review or a petition for a writ of certiorari.

A.   **Guilty Plea**

Although Johnson does not directly challenge the validity of his guilty plea, his allegation that trial counsel promised probation could be liberally construed as an allegation that Johnson was unaware of the range of punishment. Accordingly, a threshold issue in this case involves the validity of Johnson's guilty plea.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985), *cert. denied*, 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea is voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," a federal habeas court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that Johnson appeared in court and entered a plea of guilty in this case.[6] Although Johnson waived the presence of a court reporter at his plea hearing, the record shows that the court admonished him, in writing, that he was charged with the felony offense of aggravated robbery.[7] The court further admonished Johnson that the punishment range for the offense, as enhanced, was between 25 years and life in prison.[8] Johnson signed documents containing these admonishments.[9] By signing the statements contained in the plea paperwork, Johnson represented to the court that he was mentally competent, that he fully understood the nature of the charges against him and the consequences of his plea, and that he entered his plea freely and voluntarily.[10] Johnson also signed a document waiving his constitutional rights, agreeing to stipulate to the facts and to guilt, and making a confession.[11] By his signature, Johnson attested to the truth of the allegations in the indictment and confessed that he had committed the offense.[12] These documents were all reviewed and signed by trial counsel, the prosecutor, and the trial court.[13] Finally, the judgment reflects that Johnson was admonished "as required by law."[14]

These official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs*, 752 F.2d at 1081–82 (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong

---

[6] Docket Entry No. 18-3, at 4–7.
[7] *Id.* at 4–7, 30.
[8] Docket Entry No. 18-3, at 6.
[9] *Id.* at 7.
[10] *Id.* at 6–7.
[11] *Id.* at 4–5.
[12] *Id.*
[13] *Id.* at 4–7.
[14] *Id.* at 22.

presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 432 U.S. 63, 73–74 (1977)); *see also United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). The record shows that Johnson understood the nature of the charges against him as well as the consequences of pleading guilty.

Moreover, the Fourteenth Court of Appeals thoroughly reviewed and rejected Johnson's claims on direct review that he was not properly admonished as to range of punishment. *See Johnson*, 2016 WL 354438, at *1–3. Because the Texas Court of Criminal Appeals denied relief without a written order, this Court considers the intermediate appellate court's decision as "the last reasoned opinion" on this issue. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991) (federal courts "look through" an unexplained state court denial to evaluate the last reasoned state-court decision). Johnson fails to show that the state court of appeals erred in reaching its decision or that it violated the constitution in doing so.

**B.     Trial Counsel**

In his first ground for relief, Johnson alleges that trial counsel rendered ineffective assistance because he promised probation but Johnson received a 30-year sentence

8

instead.[15] In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set out in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. A petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.*; *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel was reasonably effective or that there was a lack of prejudice. There is no need to reach both issues if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the Court strongly presumes that it falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996) (citing *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996)). A

---

[15] Docket Entry No. 1, at 6; Docket Entry No. 2, at 1–4.

reasonable probability is one that undermines confidence in the outcome. *Strickland*, 466 U.S. at 694.

Because Johnson pleaded guilty, the question is whether counsel's performance interfered with his ability to understand the nature of the charges against him and the consequences of his plea. Because the state habeas corpus court rejected Johnson's ineffective-assistance claims, the issue is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). A "doubly deferential" standard applies on federal habeas review. *Id.*; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted). The record fails to show that the state court's decision was unreasonable under the doubly deferential standard.

As discussed in Section III, A, *supra*, the record shows that Johnson was properly admonished in connection with the range of punishment he faced. Additionally, the record contains a handwritten letter from Johnson to the trial court in which Johnson acknowledged that he might be sentenced to time in prison. Specifically, Johnson wrote:

> I have pled guilty freely and voluntarily to the offense, I understand the full range of punishment and I have pled to a pre-sentence investigation report and will have a sentencing hearing. . . .Your Honor I know you can sentence

> me to any amount of prison time, from dropping it to a lesser charge for timed [sic] served or any amount of prison time.[16]

Johnson does not point to any evidence, beyond his own conclusory and speculative assertions, that his guilty plea resulted from trial counsel's alleged promise that he would receive probation. Conclusory allegations are insufficient proof to warrant federal habeas corpus relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Because he has not shown deficient performance or actual prejudice, Johnson fails to demonstrate ineffective assistance. Johnson has not shown that the state court's rejection of this claim was unreasonable under the doubly deferential standard of review.

Johnson also contends that trial counsel was ineffective because he: (1) failed to challenge the affirmative deadly weapon finding and habitual offender paragraphs; (2) failed to file pretrial motions; and (3) denied Johnson the opportunity to testify on his own behalf.[17] The record shows that counsel's performance did not interfere with Johnson's ability to understand the nature of the charges against him and the consequences of his plea. A voluntary guilty plea waives non-jurisdictional defects preceding the plea. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *Gardner v. Wainwright*, 433 F.2d 137, 139 (5th Cir. 1970) (citations omitted); *see also Tollett v.*

---

[16] Docket Entry No. 18-3, at 15–16.
[17] Docket Entry No. 1, at 6–7; Docket Entry No. 2, at 4–10.

11

*Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). This includes claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Because Johnson's claims that trial counsel failed to challenge the affirmative deadly weapon finding and habitual offender paragraphs, failed to file any pretrial motions, and denied him the opportunity to testify do not relate to the voluntariness of his guilty plea, they are waived and cannot form a basis for federal habeas relief.

Finally, Johnson contends that trial counsel failed to rebut any of the State's arguments during the punishment hearing.[18] Johnson appears to argue that counsel should have rebutted the State's representation of the facts of the case during closing statements.[19] Johnson's allegation is wholly conclusory. By entering a voluntary and knowing plea, Johnson stipulated to the evidence in this case and judicially confessed to committing the offense. Under these circumstances, he fails to identify any rebuttal arguments that counsel could have made.

Nor does Johnson demonstrate prejudice. The Fifth Circuit applies a modified *Strickland* approach when analyzing claims of ineffective assistance of counsel during the sentencing phase, holding that "a court must determine whether there is a reasonable

---

[18] Docket Entry No. 1, at 7; Docket Entry No. 2, at 10.
[19] Docket Entry No. 2, at 10.

12

probability that but for trial counsel's errors the defendant's non-capital sentence would have been *significantly* less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (emphasis in original). In determining that "significance" in this sentencing context, the "prejudice" must be rather appreciable before a new trial is warranted in view of counsel's error. *Id.* at 88, n.4. In making this determination, the Court should consider four factors: (1) the actual amount of the sentence imposed on the defendant; (2) the minimum and maximum sentences possible; (3) the relative placement of the sentence actually imposed within that range; and (4) the various relevant mitigating and aggravating factors that were properly considered by the sentence. *Id.* at 88–89.

Here, Johnson was sentenced to a 30-year prison term for the offense of aggravated robbery. Under the Texas Penal Code, aggravated robbery is a first-degree felony with a potential sentencing range of 5 years to 99 years or life. Tex. Penal Code §§ 12.32, 29.03. Because Johnson pled true to two enhancement paragraphs, however, he faced a potential sentencing range of 25 years to 99 years or life. *See* Tex. Penal Code § 12.42(d). Thus, Johnson's 30-year sentence is at the low end of the sentencing range.

As summarized by defense counsel in his closing statement at punishment, Johnson's mitigating factors included that he was enduring significant amounts of stress prior to committing the offense, including the death of his mother, a diagnosis that he was HIV positive, and news that he owed $27,000 in back child support.[20] In contrast, the aggravating factors the State presented, as summarized in the State's closing argument at

---

[20] Docket Entry No. 18-5, at 8–9.

punishment, included pointing a firearm in the victim's face as well as an extensive criminal history.[21]

In light of this record, Johnson fails to demonstrate that but for counsel's actions, his sentence would have been significantly less harsh. Absent a showing of deficient performance or actual prejudice, Johnson fails to demonstrate a valid claim of ineffective assistance of trial counsel. To the extent that the state court rejected his claim, Johnson does not show that this decision was unreasonable under the doubly deferential standard of review. He is not entitled to federal habeas corpus relief on this claim.

### C. Appellate Counsel

In his remaining ground for relief, Johnson alleges that he received ineffective assistance of appellate counsel because counsel only filed a two-paragraph brief and failed to file a petition for discretionary review or a petition for a writ of certiorari.[22]

A claim of ineffective assistance on appeal is governed by the above-referenced test set out in *Strickland*, which requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535–36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the

---

[21] *Id.* at 6–8.
[22] Docket Entry No. 1, at 7; Docket Entry No. 2, at 11–12.

defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

A reasonable appellate attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91. However, the Constitution does not require an appellate attorney to advance every conceivable argument, regardless of merit. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Where an attorney fails to adequately brief an issue on direct appeal, the petitioner must show initially that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001) (citing *Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998)). The petitioner must then show that the deficient performance led to a fundamentally unfair and unreliable result. *Dovalina*, 262 F.3d at 475 (citing *Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1997)).

Johnson first asserts that appellate counsel rendered ineffective assistance by only filing a two-paragraph brief and failing to raise "obvious issues" on appeal.[23] To prevail on his claim, Johnson must set forth a meritorious issue that appellate counsel failed to raise. The record reflects that counsel filed a brief on appeal, in which she presented two points of error, arguing that (1) the trial court violated Johnson's Fifth Amendment right to due process rendering his plea involuntary by failing to admonish him of the punishment

---

[23] Docket Entry No. 1, at 7; Docket Entry No. 2, at 11–12.

15

range, and (2) the trial court violated Johnson's statutory right to voluntarily enter a knowing and intelligent plea by failing to admonish him of the punishment range.[24] Johnson does not state what additional "obvious issues" counsel should have raised. His assertions that counsel was deficient for failing to raise additional claims are conclusory and not supported by the record. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Johnson's complaint fails to establish that, but for counsel's conduct, he would have prevailed on appeal.

Johnson also alleges that appellate counsel failed to file a petition for discretionary review or a petition for a writ of certiorari.[25] Johnson's allegation lacks merit as he fails to show that, but for counsel's alleged error, discretionary review would have been granted. Moreover, a Texas prisoner has no constitutional right to assistance of counsel in filing a petition for discretionary review. *Ross v. Moffitt*, 417 U.S. 600 (1974) (the Constitution does not guarantee right to counsel over discretionary appeals, as opposed to direct appeals). Consequently, Johnson has no entitlement to the *effective* assistance of counsel for such purposes, and no constitutional violation is present.

---

[24] *See* Docket Entry No. 18-7.
[25] Docket Entry No. 1, at 7; Docket Entry No. 2, at 11.

Johnson fails to show that the state court's rejection of his claims of ineffective assistance on appeal was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

## IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Because Tribble has not made the required showing, this Court will not issue a certificate of appealability.

## V. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. Johnson's petition for writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2. Any and all remaining pending motions are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on **MAR 0 4 2020**.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE